Huntington *v.* Newport News & Mississippi Valley Co.

COLLIS P. HUNTINGTON *vs.* THE NEWPORT NEWS AND
MISSISSIPPI VALLEY COMPANY.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Having the right to recover his entire damages from two defendants,
    jointly or separately, a plaintiff agreed with them to take, and did
    take, judgment against one of them (*A*) for $6,250, and against the
    other (*B*) for $2,500. *Held* that he had thereby elected to limit
    his claim against *B* (the present defendant) to $2,500, the amount
    for which judgment was rendered.
If a trial court in rendering final judgment for the plaintiff fails to
    compute and award interest for the period during which the cause
    was pending before an appellate court, the plaintiff should then
    and there object and take steps to have the judgment corrected. If
    he neglects to do this he is not entitled to have such interest sub-
    sequently allowed as a claim against the defendant in receivership
    proceedings.
The question whether one injured on a railroad operated by a lessee
    has a right, under the terms of the lease, to have the funds in the
    hands of the lessee's receiver applied by a court of equity in pay-
    ment of his damages, is one which ought not to be finally deter-
    mined in a suit to which the lessor is not a party.
Such question does not arise, however, if the fund which is alleged to
    have been charged with such payment did not come into the re-
    ceiver's hands.

Argued April 12th—decided June 9th, 1905.

APPEAL from a judgment of the Superior Court in New
Haven County (*Robinson, J.*), in receivership proceedings,
disallowing a claim presented by James E. Crouch. *No
error.*

*George E. Beers,* for the appellant (James E. Crouch).

*Edmund Zacher,* for the appellee (receiver of the New-
port News and Mississippi Valley Company).

TORRANCE, C. J.   There are two corporations referred to
in the record, called respectively the Newport News and
Mississippi Valley Company, and the Chesapeake, Ohio, and

South Western Railroad Company, the first named being a Connecticut corporation and the other a foreign corporation. For brevity the first will be hereinafter called the Valley Company and the other the Chesapeake Company.

Crouch claims (1) to recover as a preferred claim an amount which he alleges to be due to him from the Valley Company for interest upon a certain judgment which he held against it; (2) that said Valley Company is the trustee of a fund charged with the trust of paying a certain judgment which Crouch holds against the Chesapeake Company.

The substance of the material facts found in this case, bearing upon the first claim, may be stated as follows: In April, 1893, the Valley Company was operating a railroad of the Chesapeake Company under a written lease, and while so doing Crouch, the applicant in this case, by means of a collision on said railroad, received certain bodily injuries. In July, 1893, he brought suit in a State court of Kentucky for said injuries, against both of said corporations as joint defendants. In March, 1894, by consent of all the parties to said suit, made in open court and entered of record, all parties waiving all errors, it was agreed, and by the court ordered, that a verdict of $2,500 should be rendered in favor of the plaintiff Crouch against the Valley Company, and a verdict in his favor of $6,250 against the Chesapeake Company; and such verdicts were then rendered by the jury in said cause; and the judgment rendered in the case was in accordance with said verdicts. It was then and there also further agreed by said parties in open court, and entered of record, " that any amount which may be paid by or collected from " the Valley Company, " shall go as a credit upon the judgment " against the Chesapeake Company; and " that any amount paid by or collected from " the Chesapeake Company " shall go as a credit upon the judgment against " the Valley Company; and that " the total amount to be collected upon the two judgments shall not exceed $6,250." In December, 1893, upon a creditors' bill filed in the United States Circuit Court for the Western District of Kentucky, the Chesapeake Company was put into the hands of receivers.

In May, 1894, Crouch brought suit in a State court of Kentucky against the Valley Company and the receivers of the Chesapeake Company, for the purpose of collecting his judgment against the Valley Company, in which suit he attached, in the hands of the receivers of the Chesapeake Company, money belonging to the Valley Company to the amount of $27,000. In July, 1894, said suit was removed from the State court to the United States Circuit Court for the District of Kentucky, " where it thereafter proceeded as an intervention in the receivership proceedings against " the Chesapeake Company. On December 1st, 1899, said Circuit Court adjudged that Crouch be paid, out of the fund attached, the amount of his judgment against the Valley Company, with six per cent. interest thereon to said date and costs of suit, amounting in the whole to $3,373.43. From this judgment of the Circuit Court the Connecticut receiver of the Valley Company took an appeal to the United States Circuit Court of Appeals, and in April, 1901, the mandate of said Court of Appeals affirming the judgment of the Circuit Court was filed in said Circuit Court, and thereupon leave was given by said court to said Crouch to withdraw said sum of $3,373.43 from the funds of the Valley Company in the hands of the receivers of the Chesapeake Company, and he did so. This paid the judgment against the Valley Company, with interest and costs, in full to December 1st, 1899, but not the interest on the principal of the judgment from December 1st, 1899, to April 22d, 1901, the date of payment, amounting to $210.

Upon these facts it is clear that Crouch, having the right to a judgment for his entire damages against the Valley Company alone, or against it jointly with the Chesapeake Company, elected, for a consideration moving from the other parties to the suit, to take a judgment against the Valley Company for a separate and proportionate part of said damages; and we think that by so doing he limited his claim upon the Valley Company for damages to the amount of the judgment rendered against that company. On April 27th, 1901, the United States court rendered judgment

in favor of Crouch, that his judgment against the Valley Company with costs and interest to December 1st, 1899, be paid in full, and it was then so paid. Why interest was not computed up to April 27th, 1901, does not appear. The applicant now claims that he is entitled in this case to recover the interest which the United States court in its judgment failed to compute, which amounts to $210.

This claim is not tenable. The payment in full of the United States court judgment, under the facts found, operated as a full discharge of the State court judgment held by Crouch against the Valley Company. If there was error or mistake in the United States court judgment in the computation of interest or otherwise, it was the duty of. Crouch then and there to object to the judgment as rendered, and to take steps to have it corrected ; and failing to do so he cannot now and here be heard to complain of such judgment.

The second claim made by Crouch is based mainly upon the third clause of the written lease under which the Valley Company operated the railroad of the Chesapeake Company. That lease was executed in 1886, and was for the term of fifty years ; but by mutual agreement of all concerned it was terminated August 1st, 1893. In that lease the Valley Company is described as the party of the second part. So much of the third clause of said lease as is material in the present case reads as follows : " The party of the second part is to operate the said leased road and branches belonging to the party of the first part, and also the said Cecelian branch mentioned in the agreements with the Louisville and Nashville Railroad Company hereinbefore mentioned. The said lessee shall in the first place out of the earnings and income derived therefrom pay the costs of operating such railroad and branches, and the incidental expenses connected therewith, including the sums payable for installments of interest and principal from time to time maturing on the equipment bonds of said party of the first part, and the sums payable for the use of the Cecelian branch, in accordance with the terms and provisions of the agreements in respect thereof hereinbefore referred to, or such other

agreements as may hereafter be made with the consent of the party of the second part in respect thereto, and likewise so pay the taxes and assessments on the said demised premises, the cost of insurance thereof, if and so far as effected, such amounts as it may become necessary to pay for damages to persons or property incurred in the course of operating the said leased railroad or branches, or on account of land purchases heretofore made by or on behalf of said party of the first part, and the expenses of repairing, maintaining, improving, adding to, and keeping up the said leased railroad and branches, with all their appurtenances, and of maintaining, providing, and keeping up in suitable condition and repair rolling stock and equipment for carrying on as economically and profitably as may be the transportation business of said leased railroad and branches; and after the payments and deductions aforesaid the said lessee shall apply the residue of the amount of the net income and earnings of said railroad and branches, to such extent as shall be required for the purpose, to the payment of the current interest and sinking fund contributions from time to time becoming due and payable during the existence of this lease, upon the now existing bonded indebtedness of the party of the first part, and such other bonded indebtedness of said party of the first part as may be created by said party of the first part with the assent of the party of the second part hereto."

In this clause the Valley Company agrees, out of the earnings and income derived from operating the leased railroad, to pay, in a designated order of payments, "such amounts as it may become necessary to pay for damages to persons or property incurred in the course of operating" said railroad; and Crouch claims that under said clause the income aforesaid in the hands of the Valley Company became a trust fund charged with the payment of his damages; and that he is entitled in equity to follow that fund into the hands of the receiver of the Valley Company and have it applied upon his judgment against the Chesapeake Company, so far as said judgment remains unpaid. Whether the construction

of the lease contended for by Crouch is correct or not is a question that ought not to be finally determined in the absence of the Chesapeake Company as a party in this cause; and we have no occasion to decide that question now, for the court below has in effect found that no such trust fund as the applicant claims existed under the lease, and which he seeks here to follow, ever came into the hands of the receiver of the Valley Company; and there is nothing in the record showing that the court erred in so finding. In this view of the matter the judgment below was correct.

There is no error.

In this opinion the other judges concurred.